UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CADET MANUFACTURING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA f/k/a ROYAL GLOBE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GRANITE STATE INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY, AND AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY,<br><br>Defendant. | Case No. C04-5411FDB<br><br>ORDER DENYING DEFENDANT GRANITE STATE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION |

This matter is before the court on the motion of Defendant Granite State Insurance Company ("Granite State") for reconsideration of this court's Order of October 5, 2005. Granite State asks the court to reconsider that portion of its Order determining that Granite State had a duty to defend

ORDER - 1

Plaintiff Cadet Manufacturing Company, Inc. ("Cadet") once the property damage limits of the underlying policies were exhausted and that there were two "occurrences" for purpose of insurance coverage.  For the reasons stated below, the court finds that Granite State's motion is without merit.

I.

A party may seek reconsideration of a ruling on a summary judgment motion.  <u>Taylor v. Knapp</u>, 871 F.2d 803, 805 (9th Cir. 1989).  As a general proposition, however, reconsideration is disfavored and is only appropriate where: (1) the district court is presented with newly-discovered evidence; (2) the district court "committed clear error or the initial decision was manifestly unjust;" or (3) there is an intervening change in controlling law.  <u>School Dist. No. 1J, Multnomah County v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); CR 7(h)(1) Local Rules W.D. Wash.

A.

Granite State contends that the court erred in failing to address exhaustion of the underlying insurer's PIL coverage in determining that Granite State's duty to defend under its property damage limits had been triggered.  Granite State ignores, however, the court's finding that each of the Granite State policies requires that Cadet exhaust only the "underlying insurances" before its coverage is triggered.  As the underlying claims trigger Granite States's property damage coverage, and Granite State concedes that Cadet properly exhausted its property damage coverage under the Royal policies as of July 28, 2004, it cannot be reasonably disputed that Granite State should have begun defending Cadet once those policy limits were exhausted.

B.

Granite State also complains that the court erred in not finding that the contamination for which Cadet seeks insurance coverage constituted one occurrence.  In support, Granite State argues the same facts and cases presented to the court at summary judgment.  Granite State does not provide the court with any newly discovered evidence or intervening changes in controlling law to support these contentions.  Taking issue with the court's reasoning, Granite States simply restates

ORDER - 2

the arguments which were considered by the court at summary judgment. Granite State has not demonstrated that this court's order was in clear error or that its decision was manifestly unjust.

ACCORDINGLY,

IT IS ORDERED:

(1) Granite State's motion for reconsideration (Dkt.#182) is **DENIED**; and

(2) The Clerk is directed to issue judgment accordingly.

DATED this 27th day of October, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3