1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CADET MANUFACTURING COMPANY,

11

Plaintiff,

12

v.

Case No. C04-5411FDB

13

AMERICAN INSURANCE COMPANY,
ROYAL INSURANCE COMPANY OF
AMERICA f/k/a ROYAL GLOBE
INSURANCE COMPANY, EMPLOYERS
INSURANCE COMPANY OF WAUSAU,
AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE
COMPANY, NATIONAL SURETY
CORPORATION, GRANITE STATE
INSURANCE COMPANY, CENTURY
INDEMNITY COMPANY, GREAT
AMERICAN INSURANCE COMPANY,
AND AGRICULTURAL EXCESS AND
SURPLUS INSURANCE COMPANY,

ORDER GRANTING CADET
MANUFACTURING COMPANY'S
MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

14

15

16

17

18

19

20

21

Defendant.

22

        Before the court is Plaintiff Cadet Manufacturing Company's ("Cadet") motion for leave to

23

file first amended answer.  The court, having reviewed the motion, Cadet's proposed second

24

amended complaint, and the response of Defendant Granite State Insurance Company ("Granite

25

26

ORDER - 1

1  State") in opposition, finds that the motion should be granted.

2  I.

3  Cadet seeks leave to amend its complaint to add causes of action against Granite State for

4  insurance bad faith and violation of the Washington Consumer Protection Act.  Cadet alleges that,

5  since the filing of the initial complaint, Granite State has engaged in a pattern of bad-faith conduct

6  intended to avoid its coverage obligations under its insurance policy.  Cadet further alleges that all of

7  the bad-faith conduct committed by Granite State occurred after the filing of Cadet's First Amended

8  Complaint and that the majority of Granite State's conduct occurred in 2005.  Cadet's proposed

9  claims include allegations that Granite State breached its duty to investigate the underlying claims

10  against Cadet and Cadet's coverage claim, failed to take reasonable steps to settle the underlying

11  claims against Cadet, failed to pay Cadet's entire defense against the underlying claims, and refused

12  to make reasonable attempts to settle the underlying claims.

13  There is no evidence in the record that Cadet has acted with undue delay, bad faith or with

14  dilatory motive in seeking the amendment.   Granite State also claims no prejudice by the addition of

15  the proposed claims.  Rather, Granite State argues that allowing the amendment would be an

16  exercise in futility because the newly added claims are futile as a matter of law for two reasons.

17  First, Granite State argues that Cadet cannot maintain an action for bad faith because it has suffered

18  no damages as Cadet is insulated from liability due to its discharge in bankruptcy.  Second, Granite

19  State argues that all of Cadet's allegations arise from settlement, rendering all evidence surrounding

20  those claims inadmissible pursuant to FRE  408 and 403 and a confidentiality agreement between the

21  parties pertaining to settlement discussions.

22  This case is set for trial on September 11, 2006.  Written and document discovery is

23  substantially completed and the parties have commenced deposition discovery.  The discovery cutoff

24  is set for May 15, 2006.

25  II.

26  ORDER - 2

1    The Supreme Court has instructed the lower federal courts to heed carefully the command of

2    Rule 15(a) by freely granting leave to amend when justice so requires. *Gabrielson v. Montgomery*

3    *Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (*quoting Howey v. United States*, 481 F.2d 1187,

4    1190 (9th Cir. 1973) (citations omitted)).  Liberality in leave to amend is not dependent on whether

5    the amendment will add causes of action or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

6    186 (9th Cir. 1987).  It is, however, subject to the qualification that amendment of the complaint not

7    cause the opposing party undue delay or prejudice, is not sought in bad faith, is not a dilatory move

8    on the part of the amending party, and does not constitute an exercise in futility. *Foman v. Davis*,

9    371 U.S. 178, 182 (1962).  The party opposing amendment bears the burden of showing prejudice.

10   *Id.* (*citing Beeck v. Aqua-Slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. (1977)).

11                                                III.

12   As noted above, Granite State does not claim that the proposed amendment will in any way

13   prejudice it or that additional time is needed to engage in meaningful discovery.  There is no evidence

14   in the record indicating a wrongful motive or bad faith on the part of Cadet.  Granite State argues,

15   primarily, that Cadet cannot prevail on the proposed amendments because it has no liability for the

16   underlying environmental matters and therefore, can suffer no damages as a result of Granite State's

17   bad faith.  In response Cadet points out that, while its liability to the Port of Vancouver is within the

18   Third Plan of Reorganization in its bankruptcy, Cadet remains liable to the Washington Department

19   of Ecology for environmental contamination at its current facility.  In addition and apart from its

20   liability to the DOE, Cadet alleges that it has incurred and will incur damage as a result of Granite

21   States's bad faith in the form of increased defense costs in the underlying actions.  The court agrees

22   that this allegation of damages is sufficient.

23   Granite State's second argument is that Cadet's allegations of bad faith conduct in settlement

24   negotiations are inadmissible offers of compromise pursuant to FRE 408.  Cadet's allegations,

25   however, are that Granite State has breached its duty to extend settlement offers to underlying

26   ORDER - 3

1    claimants against Cadet under a third party liability policy.  The court views these allegations

2    differently than those of an insured complaining of its insurer's failure to negotiate or settle with it.

3    Cadet alleges that Granite State has failed to offer any money in settlement in breach of its duty to

4    attempt to settle the underlying claims.  This allegation of fact is independent of discussions and

5    offers of compromise during settlement negotiations which FRE 408 is designed to protect and

6    promote.

7           Finally, trial is over seven months away, the allegations describe conduct occurring within the

8    last year, and the court is satisfied that the parties will have sufficient time to develop their claims and

9    defenses related to the Second Amended Complaint.

10          ACCORDINGLY,

11          IT IS ORDERED:

12          (1)     Cadet Manufacturing Company's Motion for Leave to File Second Amended

13                  Complaint (Dkt.#203) is **GRANTED**.

14

15          Dated this 14th   day of March, 2005.

16

17                                                  _____

18                                                  FRANKLIN D. BURGESS
                                                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26   ORDER - 4