UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CADET MANUFACTURING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA f/k/a ROYAL GLOBE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GRANITE STATE INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY AND AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY,<br><br>Defendants. | Case No. C04-5411 FDB<br><br>ORDER DENYING GRANITE STATE INSURANCE COMPANY'S MOTION FOR CR 54(B) CERTIFICATION |

This matter comes before the Court on Defendant Granite State Insurance Company's (hereafter, Granite State) Motion for Rule 54(b) certification. After reviewing all materials

ORDER - 1

submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion.

**INTRODUCTION AND BACKGROUND**

This matter arises from Cadet Manufacturing Company's (hereafter, Cadet) liability for damages due to property damage sustained as a result of environmental contamination. In January 1999, Cadet filed a voluntary petition under Chapter 11 in Bankruptcy Court. In January 2000, the Bankruptcy Court confirmed Cadet's plan of reorganization which provided that the holders of environmental claims (Port of Vancouver) must look to Cadet's insurance coverage for satisfaction of their claims. Cadet was permitted to settle the environmental claims with any of its insurers, pending approval of the settlement by the Bankruptcy Court.

Cadet tendered the defense to its claims to its insurers that provided commercial general liability policies and excess policies. Cadet subsequently filed suit against its primary and excess carriers, including Granite State, for defense and indemnity costs. The Port of Vancouver, Cadet and the primary carriers entered into a settlement agreement. The Court approved the settlement and entered an order barring contribution claims against the settling insurers. Cadet and its remaining excess insurers entered into settlement negotiations. The Port, Cadet and two of the excess carriers, Century Indemnity Ins. Co. and Great American Ins. Co., were able to negotiate a settlement. This settlement was approved by the Court and an Amended Order entered April 6, 2006. The order approving settlement effectively resolves all issues between the Port, Cadet and the two settling excess carriers. The order bars the non-settling insurer, Granite State, from asserting contribution claims against the settling insurers.

The claims bar order provides that Granite State maintains the right to litigate coverage defenses. This means that if Granite State is successful, it could end up paying nothing at the end of this litigation. If unsuccessful, Granite State may seek a determination relating to the percentage of its liability, any remaining shortfall between the amounts recovered and the amount settled upon

ORDER - 2

between the Port and Cadet notwithstanding.  Granite State is also permitted to argue that the settling excess carriers underpaid and that the Port should absorb the difference.  Granite State is entitled to an offset for the monies paid by the settling insurers.

The non-settling carrier, Granite State seeks Rule 54(b) certification of the order approving settlement in order that it may seek immediate appellate review.  The parties to the settlement have not sought certification, and Cadet and Century Indemnity Ins. Co. have filed argument in opposition.

**MOTION FOR CR 54(b) CERTIFICATION**

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980), the Supreme Court described the analysis a district court should conduct in deciding whether to enter partial judgment under Rule 54(b).  In order to certify a judgment as final and appealable, in an action involving multiple claims, district court must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action.  Id., at 7.  It is undisputed that the order approving settlement is a final judgment as to the claims among the Port, Cadet and the two settling excess insurance carriers.  The court then must determine whether there is any just reason for delay.  Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.  Id., at 8.  "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " Id. at 8. Accord, Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).  A district court must take

ORDER - 3

into account judicial administrative interests as well as the equities involved. <u>Curtiss-Wright Corp</u>, at 8. "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." <u>Id</u>., at 10.

Certification of the settlement does not comport with the interest of sound judicial administration. Partial settlements which feature the entry of orders barring contribution claims are neither unusual nor presumptively inappropriate. See, <u>Franklin v. Kaypro Corp</u>., 884 F.2d 1225, 1227 (9th Cir.1989); <u>Eichenholtz v. Brennan</u>, 52 F.3d 478, 486-87 (3th Cir. 1995); <u>In re WorldCom, Inc. ERISA Litig</u>., 339 F. Supp.2d 561, 567-69 (S.D. N.Y. 2004). Settlement of complex multi-party litigation is favored by the federal courts. Under federal common law there is a bar to recovery of contribution, by parties who do not participate in settlement agreement, against defendants who participate in settlement, provided non-settling defendants are granted setoff against judgment ultimately entered against them. <u>Franklin</u>, at 1225; <u>Eichenholtz</u>, at 486.

The motion for certification presupposes that the non-participating defendant, Granite State, is liable for the indemnification at issue in this coverage action, a determination that has not yet been made. Absent such liability, the efficient expenditure of the resources of both the parties and the court weigh in favor of denying certification. A potential exist that a claim certified for appeal may ultimately be rendered moot by a judgment for the non-settling defendant. Additionally, the non-settling defendant may obtain satisfactory relief under the protections of the settlement order that could render an appeal of the settlement unnecessary.

In balancing the equities between the parties, the Court, in the exercise of its discretion, finds that this partial judgment does not warrant certification under Rule 54(b). Accordingly, the motion for certification will be denied.

**CONCLUSION**

For the reasons set forth above, Defendant Granite State's motion for certification should be denied.

ACCORDINGLY,

ORDER - 4

1   IT IS ORDERED:

2   Granite State Insurance Company's Motion Pursuant to Fed. R. Civ. P. 54(b) to Enter the

3   Court's Order of March 30, 2006, as a Final and Appealable Order [Dkt # 250] is DENIED.

5   DATED this 1st day of June, 2006.

```
                                    /s/ Franklin D. Burgess
                                    _____
                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE
```

ORDER - 5