UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CADET MANUFACTURING COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA f/k/a ROYAL GLOBE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GRANITE STATE INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY AND AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No. C04-5411 FDB<br><br>ORDER GRANTING CADET MANUFACTURING COMPANY'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT |

　　　　Before the Court is Plaintiff Cadet Manufacturing Company's (hereafter, Cadet) motion for leave to file to file a third amended complaint. The Court, having reviewed the motion, Cadet's

ORDER - 1

proposed third amended complaint, the response of Granite State Insurance Company (hereafter, Granite State) and the reply, finds that the motion should be granted for the reasons stated below.

### PROPOSED THIRD AMENDED COMPLAINT

Cadet proposes to amend its complaint to (1) include recent factual developments regarding the settlement of the underlying claims; (2) include the Port of Vancouver, U.S.A. (hereafter, the Port) as an interested party (assignee of Cadet's claims) in the litigation; and (3) clarify the damages and liabilities by reference to the settlement agreement.  Granite State opposes the amendment, asserting the proposed amendments are untimely, prejudicial to Granite State and would cause confusion for the trier of fact.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  Amendments are to be permitted liberally because, as the Supreme Court observed many years ago, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).  Liberality in leave to amend is not dependent on whether the amendment will add causes of action or parties.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183 (9th Cir. 1987).  Where the plaintiff offers to provide 'additional evidence' that would add 'necessary details' to an amended complaint and such offer is made in good faith, leave to amend should be granted.  Broudo v. Dura Pharm., 339 F.3d 933, 941 (9th Cir. 2003).  In the Ninth Circuit, this policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

The party opposing the amendment bears the burden of showing why the amendment should

ORDER - 2

not be granted. Butler v. Robar Enterprises, Inc. et al., 208 F. R. D. 621, 623 (C.D. Cal. 2002). In determining whether to grant leave to amend, the Court should consider factors such as bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Leighton, 833 F.2d at 186. Of these factors, prejudice to the opposing party is the most important. See, Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). However, bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits. Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus., 648 F.2d 1252, 1254 (9th Cir. 1981).

**Undue Delay and Prejudice**

Cadet claims that the amendment is based on new facts and developments which occurred in connection to the settlement agreement. In response, Granite State asserts that Cadet's proposed amended complaint is untimely and therefore prejudicial, because this motion comes three months after the settlement was entered and the complaint was last amended. Delay, by itself, is insufficient to justify denial of leave to amend. Leighton, at 186. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised in the original pleadings." Jackson, at 1388. Plaintiff's proposed amendment involves facts that arose after the second amended complaint was filed. These include this Court's Order approving the partial settlement of the underlying litigation. The proposed amendment reflects these changed circumstances, including assignment of the claim to the Port of Vancouver and the obligations of Granite State owing under the settlement agreement. The proposed amendment does not add any new claims for relief and Granite State has been aware of the provisions of the settlement agreement. The addition of the Port as a named plaintiff does not alter the claims or liabilities and should not prejudice Granite State. See, Fed. R. Civ. P. 25(c). Granite State has not shown that the amendment to the complaint is untimely and prejudicial.

**Inclusion of Settlement Agreement in Complaint**

Granite State request the Court deny the proposed amendment on the basis that the settlement

ORDER - 3

1  agreement is "of questionable relevance and unquestionable admissibility due to its prejudicial
2  nature." Rule 408 of the Federal Rules of Evidence prohibits the introduction of evidence concerning
3  the "(1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to
4  accept, a valuable consideration in compromising or attempting to compromise a claim which was
5  disputed as to either validity or amount," in order to " prove liability for or invalidity of the claim or
6  its amount." Fed. R. Evid. 408. Rule 408 only excludes evidence of compromise or settlement when
7  it is offered to prove "the validity of a claim, the invalidity of a claim, or the amount of damages."
8  Fed. R. Evid. 408. Such evidence may be admissible when it is offered for some other purpose, *such*
9  *as* "proving bias or prejudice of a witness [or] negativing a contention of undue delay." Id. The use
10 of the phrase 'such as' in Rule 408 implies that the ensuing list is not exhaustive, but is only
11 illustrative. United States v. Technic Servs., Inc., 314 F.3d 1031, 1045 (9th Cir. 2002). See also, U.S.
12 v. Technic Services, Inc ., 314 F.2d 1031, 1045 (9th Cir. 2002); Cohn v. Petsmart, Inc., 281 F.3d 837,
13 840 n. 3 (9th Cir. 2002). Furthermore, courts have found that evidence of prior settlement
14 negotiations may be admitted to show that an insurance company acted in bad faith. See, Cal. Union
15 Ins. Co. v. Liberty Mut. Ins. Co., 920 F. Supp. 908, 920 n. 7 (N.D. Ill. 1996); Athey v. Farmers Ins.
16 Exch., 234 F.3d 357, 362 (8th Cir. 2000). Cadet offers the evidence as evidence of Granite State's
17 bad faith and not for the purpose of establishing liability or the amount of damages. Rule 408 is
18 inapplicable.
19      Similarly, the Court finds that Rule 403 of the Federal Rules of Evidence does not bar the
20 admission of the challenged evidence. Rule 403 provides that evidence may be barred if its probative
21 value is substantially outweighed by "danger of unfair prejudice, confusion of the issues, or misleading
22 the jury." Fed. R. Evid. 403. Evidence is unfairly prejudicial only if it has an undue tendency to
23 suggest to the jury that it should make a decision on an improper basis. See, Old Chief v. United
24 States, 519 U.S. 172, 180 (1997). The Court finds nothing in the evidence that is unfairly prejudicial
25
26  ORDER - 4

or so complicated that it will confuse or mislead the jury. However, it does have probative value on the issue of whether Granite State acted in bad faith. Therefore, the Court finds that Rule 403 does not bar the challenged evidence.

## CONCLUSION

For the foregoing reasons, Cadet's amended motion for leave to file a third amended complaint will be granted.

ACCORDINGLY,

IT IS ORDERED:

(1) Cadet Manufacturing Company's Amended Motion for Leave to File a Third Amended Complaint [Dkt. #269] is **GRANTED**.

DATED this 28th day of June, 2006

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5