UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CADET MANUFACTURING COMPANY,

    Plaintiff,

v.

AMERICAN INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA f/k/a ROYAL GLOBE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GRANITE STATE INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY AND AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY,

    Defendants.

Case No. C04-5411 FDB

ORDER DENYING GRANITE STATE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO BIFURCATION

This matter comes before the Court on Defendant Granite State Insurance Company's Motion for Reconsideration of Denial of Motion to Bifurcate. After reviewing all materials

ORDER - 1

submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion for reconsideration for the reasons stated below.

## MOTION FOR RECONSIDERATION

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Granite State's motion does not demonstrate a manifest error in the Court's prior ruling denying the motion to bifurcate nor does it provide the Court with any new information not previously considered.

The decision to bifurcate is committed to the sound discretion of the trial court. Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998,1021 (9th Cir. 2004). The Ninth Circuit considers bifurcation to be outside of normal trial procedures and declining to bifurcate comports with normal trial procedure. Hangarter, at 1021. Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings. McLaughlin v. State Farm Mut. Auto. Ins. Co., 30 F.3d 861, 871 (7th Cir.1994). The courts have recognized substantial overlap between the issues of coverage and bad faith, such that bifurcation of the issues would be inappropriate. See, Tharpe v. Illinois Nat. Ins. Co., 199 F. R. D. 213 (W.D. Ky., 2001); Bloxham v. Mountain West Farm Bureau Mut. Ins. Co., 43 F. Supp.2d 1121 (D. Mont.,1999); Light v. Allstate Ins. Co., 182 F. R. D. 210 (S.D. W.Va.,1998).

Granite State has not made the requisite showing as to either of the grounds for reconsideration under CR 7(h)(1). Defendant, rather, attempts to use this motion to revisit the legal standards for bifurcation and the potential for prejudice to Defendant. In doing so, Defendant cites out-of-circuit caselaw and ignores the court's discussion and application of binding, Ninth Circuit and Washington precedent. The Court is not persuaded by this reargument.

ORDER - 2

For these reasons, Defendant Granite State's motion for reconsideration of the denial of motion to bifurcate should be denied.

ACCORDINGLY,

IT IS ORDERED:

Granite State Insurance Company's Motion for Reconsideration of Denial of Motion to Bifurcate [Dkt. # 272] is DENIED.

DATED this 5th day of July, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3